Milton ROEBUCK, Rodell Roberts, Anthony Bryant and George Boothe, Plaintiffs,

v.

HUDSON VALLEY FARMS, INC.; Jeffrey Paladino; William Paladino; Walter Morgan; and Pepperidge Farm, Inc., Defendants.

No. 00–CV–1927.

United States District Court, N.D. New York.

May 20, 2002.

Farmworker Legal Services of New York, Inc., Daniel Werner, Esq., of counsel, New Paltz, NY, for Plaintiffs.

Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP, Barry I. Levy, Esq., of counsel, New York City, for Defendants Hudson Valley Farms, Inc., Jeffrey Paladino, William Paladino, and Walter Morgan.

Proskauer, Rose Law Firm, Bettina Plevin, Esq., of counsel, New York City, for Defendant Pepperidge Farm, Inc.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

### INTRODUCTION

In this action, commenced on December 15, 2000, plaintiffs, migrant farm workers employed at a packing shed owned or operated by one or more defendants, claim that, during weeks when they processed fruit grown on other farms, defendants failed to pay them at a rate of time and a half for work in excess of 40 hours per week as required by sections 207(a)(1) [1] and

---

**1.** 29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate

213(b)(12) [2] of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Article 19, N.Y. Labor Law. Plaintiffs sue individually as a collective action alleging FLSA violations (first cause of action) and as a class action under Fed.R.Civ.P. 23(b) alleging N.Y. Labor Law violations (second cause of action). The second amended complaint seeks certification as a representative action under FLSA and as a class action under Rule 23 and N.Y. Labor Law, a declaration that defendants violated FLSA and N.Y. Labor Law; an injunction prohibiting defendants from committing future violations of FLSA, 29 U.S.C. § 217, and N.Y. Labor Law; money damages for lost wages; liquidated damages under FLSA, 29 U.S.C. § 216(b), and N.Y. Labor Law; and attorneys' fees and costs.

The Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1337 (action arising under Acts of Congress regulating commerce). The Court also has jurisdiction over plaintiffs' claims for declaratory relief, 28 U.S.C. §§ 2201, 2202, and supplemental jurisdiction over plaintiffs' state law claims. 28 U.S.C. § 1367.

## THE MOTIONS

Defendants Hudson Valley Farms, Inc. ("Hudson Valley"), Jeffrey Paladino, William Paladino, and Walter Morgan (collectively, "Hudson Valley defendants") move for summary judgment dismissing the FLSA claims on the ground that they are time-barred. They further urge the Court to deny supplemental jurisdiction over the state law claims. Defendant Pepperidge Farm, Inc. ("Pepperidge Farm") moves for summary judgment on the ground that it did not employ plaintiffs but rather merely purchased Hudson Valley's products. Because plaintiffs have not had an opportunity for discovery, the motions are denied as set forth below.

---

2. 29 U.S.C. § 213(b)(b) exempts from the provisions of section 207 "any employee employed in agriculture[.]"

3. Under 29 U.S.C. § 255(a), any action for unpaid overtime compensation "may be com-

## DISCUSSION

### Summary judgment

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Court, viewing the evidence in the light most favorable to the nonmovant, determines that the movant has satisfied this burden, the burden then shifts to the nonmovant to adduce evidence establishing the existence of a disputed issue of material fact requiring a trial. *See id.* If the nonmovant fails to carry this burden, summary judgment is appropriate. *See id.*

### The Hudson Valley defendants' motion

The Hudson Valley defendants move for summary judgment dismissing the first cause of action on the ground that the FLSA claims are time-barred. Under FLSA, the limitations period for an action for unpaid overtime compensation is two years, unless the claim arises out of a "willful violation," in which case the limitations period is three years. *See* 29 U.S.C. § 255(a).[3] The Hudson Valley defendants assert that any failure on their part to comply with FLSA was not willful but rather resulted from a good faith mistake and that as a result the applicable limitations period is two years.

The initial complaint, in which Milton Roebuck was the sole plaintiff, was filed December 15, 2000. On June 21, 2001, plaintiffs Rodell Roberts, Anthony Bryant and George Boothe filed written consents to participate in the action. Thus, the Hudson Valley defendants argue, under 29 U.S.C. § 255(a) Roebuck cannot recover for any claims accruing prior to December 15, 1998, and the other plaintiffs cannot recover for any claims

---

menced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]"

---

not less than one and one-half times the regular rate at which he is employed.

accruing prior to June 21, 1999. Moreover, in a settlement supervised by the United States Department of Labor, Roebuck signed a release of all claims against the Hudson Valley defendants accruing from September 26, 1998, to October 23, 1999. Boothe, who worked only part-time between May 1999 and October 9, 1999, signed a release of all claims against the Hudson Valley defendants accruing from October 9, 1999, to October 23, 1999. The Hudson Valley defendants also aver that Bryant last worked for Hudson Valley in 1996, and Roberts last worked for Hudson Valley on May 2, 1999. Therefore, the Hudson Valley defendants argue, applying the two-year limitations period, the claims of all four plaintiffs are time-barred.

In support of their assertion that any violation of FLSA was not willful, the Hudson Valley defendants rely on affidavits from defendant William C. Paladino, Hudson Valley's President; defendant Jeffrey Paladino, Hudson Valley's Vice–President; Cheryl Werba, Hudson Valley's bookkeeper; Don Irwin, formerly employed by New York State Department of Labor; and Joseph Russo, Executive Director of the Valley Growers Coop. Manifestly, facts bearing on the Hudson Valley defendants' claim that their actions were not willful are primarily in the control of the Hudson Valley defendants.

Plaintiffs urge that they need an opportunity to conduct discovery on this and other issues, including the validity of the releases. On April 11, 2001, United States Magistrate Judge David R. Homer signed an order establishing September 24, 2001, as the deadline for joinder of parties, and stating: "Until further order of the Court, all discovery shall be limited to matters related to the joinder of parties, both plaintiffs and defendants[.]" The record reflects no subsequent order removing the limitation on discovery. Plaintiffs' assertion that their discovery thus far has been limited in accordance with Magis-

trate Judge Homer's order is borne out by a reading of the transcript of the July 26, 2001 deposition of Jeffrey Paladino. Indeed, at one point in the deposition, counsel for the Hudson Valley defendants objected to a question by plaintiffs' counsel by stating: "It exceeds the permissible scope of discovery. It's not reasonably related to the joinder of parties." The defendants do not argue that plaintiffs have had an opportunity for discovery on other issues except to note that plaintiffs obtained documents through FOIA and a Rule 45 subpoena; this cannot reasonably be viewed as a substitute for Rule 26 discovery.

Magistrate Judge Homer's April 11, 2001 order and the circumstances of the case amply establish plaintiffs' need for substantive discovery to enable them to oppose the motion. Justice requires that they be afforded an opportunity for such discovery.[4] See, e.g., Hellstrom v. United States Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) ("The nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment. Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." (citations and internal quotation marks omitted)); see also Anderson v. Liberty Lobby, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (Rule 56(f) provides for denial of summary judgment where nonmovant has not had an opportunity to discover information essential to its opposition); Berger v. United States, 87 F.3d 60, 65 (2d Cir.1996) (nonmovant is entitled to an opportunity to discover information that is essential to its opposition). Under the circumstances herein, where plaintiffs have had no opportunity for substantive discovery, the Court in its discretion holds that summary judgment must be denied as premature.[5]

4. Fed.R.Civ.P. 56(f) provides:
   Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or dis-

covery to be had or may make such other order as is just.

5. The Hudson Valley defendants argue that plaintiffs have not complied with the general requirement that "the opponent of a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion

In view of the premature nature of the Hudson Valley defendants' motion, the Court denies it in full. The Court declines to rule on isolated legal questions or to attempt to discern whether certain issues may be ripe for summary judgment. Accordingly, the Hudson Valley defendants' motion for summary judgment is denied in its entirety, without prejudice to renewal after plaintiffs have had a reasonable opportunity to conduct discovery.

**Pepperidge Farm's motion**

As against Pepperidge Farm, the second amended complaint claims that Pepperidge Farm and Hudson Valley Farms are "joint employers" with respect to the plaintiffs' employment at Hudson Valley and that therefore Pepperidge Farm is liable to plaintiffs for overtime payments under FLSA, which applies only to employers. *See* 29 U.S.C. § 207. Pepperidge Farm moves for summary judgment on the ground that the undisputed facts establish that it did not employ plaintiffs at any time. In support of its motion, Pepperidge Farm relies on the affidavit of Benjamin Townsend, Pepperidge Farm's Director–Sourcing, stating that Pepperidge Farm never employed any of the plaintiffs, that Pepperidge Farm was a customer of Hudson Valley, that Pepperidge Farm had no ownership interest in or control over Hudson Valley, that Pepperidge Farm had no dealings with Hudson Valley with respect to its employees or its payroll practices, that Pepperidge Farm purchased apples from Hudson Valley in certain years for use in its food products manufacturing processes, that Pepperidge Farm last purchased apples from Hudson Valley in the first week of January 1999, and that Pepperidge Farm has not done business with Hudson Valley since that time. Therefore, it urges, as a matter of law there is no merit to plaintiffs' claim that Pepperidge Farm exercised control over Hudson Valley and is liable for any FLSA violations. Pepperidge Farm further argues that plaintiffs' claims are time-barred.

Plaintiffs seek an opportunity for discovery to oppose Pepperidge Farm's motion. As discussed above, under the terms of Magistrate Judge Homer's April 11, 2001 order, plaintiffs have not yet had an opportunity for substantive discovery. For the reasons stated above in connection with the motion by the Hudson Valley defendants, the Court denies Pepperidge Farm's summary judgment motion in its entirety, without prejudice to renewal after plaintiffs have had a reasonable opportunity to conduct discovery.

## CONCLUSION

In accordance with the Stipulation and Order filed November 7, 2001, Pepperidge Farm has 10 days from the date its counsel receives this Memorandum–Decision and Order to file responsive papers to plaintiffs' motion to proceed as a representative action, for court-authorized notice, and for the disclosure of names and addresses of potential opt-in plaintiffs.

It is therefore

ORDERED that the motion for summary judgment by defendants Hudson Valley Farms, Inc., Jeffrey Paladino, William Paladino, and Walter Morgan is denied in its entirety without prejudice to renewal after plaintiffs have had a reasonable opportunity to conduct discovery, and it is further

ORDERED that the motion for summary judgment by defendant Pepperidge Farm, Inc., is denied in its entirety without preju-

[must] file an affidavit explaining: 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985). Under the circumstances of this case, where plaintiffs have been deprived by court order of all but the most limited discovery, the third and fourth elements are satisfied, and a rigid adherence to the requirements of the first and second elements would be unjust and would offend the general policy in favor of liberal discovery. Plaintiffs should not be " 'railroaded' by a premature motion for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, even disregarding plaintiffs' disputed surreply, the Court in the exercise of its discretion holds that summary judgment must be denied under Rule 56(f).

dice to renewal after plaintiffs have had a reasonable opportunity to conduct discovery.

IT IS SO ORDERED.